IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 5, 2018 Session

## BLOUNT MEMORIAL HOSPITAL v. ERIC GLASGOW

**Chancery Court for Sevier County**
**No. 16-5-159    Telford E. Forgety, Jr., Chancellor**

___

**No. E2018-01242-COA-R3-CV**

___

The Notice of Appeal in this case indicates that the appellant, Eric Glasgow, is appealing from a final judgment entered on June 8, 2018. However, the order entered on June 8, 2018, simply removes the case from the Trial Court's active trial docket, subject to being re-activated to the active docket upon proper petition and/or application by any interested party. As such, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, CHARLES D. SUSANO, JR., AND THOMAS R. FRIERSON, II, JJ.

Bryan L. Capps, Knoxville, for the appellant.

Joel A. Vallejo, Nashville, Tennessee, for the appellee.

**MEMORANDUM OPINION**[1]

This Court was alerted by the Trial Court Clerk, prior to transmission of the record, regarding the substance of the June 8, 2018 order to which the appellant directed his Notice of Appeal. As such, and pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court directed the appellant to show cause why this appeal

___

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

should not be dismissed for lack of subject matter jurisdiction as the June 8, 2018 order is not a final judgment from which an appeal as of right would lie. The appellant has filed no response to the show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there is no order in this case resolving any of the claims at issue between the parties, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). While the Supreme Court in *Bayberry* remarked that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, there has been no argument made by the appellant in support of suspension of the requirements of the rule. *See id.* (noting that "there must be a good reason for suspension"). Moreover, the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry*. *See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).

Accordingly, this appeal is dismissed. Costs on appeal are taxed to the appellant, Eric Glasgow, for which execution may issue if necessary.

**PER CURIAM**